IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

R.M. PERSONNEL, INC.,
        Plaintiff,

-vs-

LIBERTY MUTUAL FIRE
INSURANCE COMPANY,
        Defendant.

CAUSE NO.:
A-16-CA-01030-SS

## **ORDER**

BE IT REMEMBERED on this day the Court reviewed the file in the above-styled cause, and specifically Plaintiff R.M. Personnel, Inc. (RMP)'s Motion for Partial Summary Judgment [#11] and Defendant Liberty Mutual Fire Insurance Company (Liberty)'s Response [#20] in opposition as well as Liberty's Unopposed Motion for Leave to File Cross Motion for Summary [#21].[1] Having considered the case file and the applicable law, the Court enters the following opinion and orders.

### Background

This case concerns a dispute over insurance coverage in the aftermath of an accident at a commercial construction site in El Paso, Texas. On September 17, 2007, Luis Alberto Rodriguez fell fifty feet down an elevator shaft resulting in severe personal injuries. Mr. Rodriguez filed suit against RMP and others in County Court at Law Number Three in El Paso, Texas (the Rodriguez Lawsuit). RMP Mot. [#11-1] Ex. 1 (Third Am. Pet.). On May 19, 2015, Mr. Rodriguez obtained a judgment against RMP in the amount of $3,485,000 plus pre-judgment and

---

[1] Liberty also filed a motion for leave to file a cross-motion for summary judgment and a motion for summary judgment. Mot. Leave [#21]; Liberty's Mot. Summ. J. [#19]. But for reasons discussed below, the Court denies the former and dismisses the latter.

post-judgment interest and costs. An appeal of the judgment in the Rodriguez Lawsuit is still pending.[2]

The lawsuit before this Court concerns whether Liberty had a duty to defend RMP in the Rodriguez Lawsuit and whether Liberty has a duty to indemnify RMP in the event of a final adverse judgment. *See* Compl. [#1].

At the time of Mr. Rodriguez's accident, RMP was insured under a workers' compensation and employer's liability policy issued by Liberty and effective January 1, 2007 to January 1, 2008. RMP Mot. Ex. 3 [#16] (the Policy). Under the Policy, Liberty is required to provide defense and indemnity coverage for "bodily injury by accident" if "[t]he bodily injury . . . arise[s] out of and in the course of the injured employee's employment by [RMP]." *Id.* at LM 2796.

After being served in the Rodriguez Lawsuit, RMP sought coverage from Liberty, requesting Liberty provide RMP's defense. Compl. [#1] ¶ 6; Answer [#2] ¶ 6. Liberty denied coverage, claiming Mr. Rodriguez's petition alleged no employment relationship between RMP and Mr. Rodriguez as required by the Policy. *See* Compl. [#1] ¶ 11; Answer [#2] ¶ 11.

On diversity jurisdiction grounds, RMP filed this lawsuit seeking a declaratory judgment regarding Liberty's duty to defend and indemnify RMP in the Rodriguez Lawsuit. *See* Compl. [#1] ¶¶ 14–16. RMP also claims Liberty breached the Policy and is liable under the Prompt Payment Act, Tex. Ins. Code § 542.051 *et seq.*, because it refused to defend RMP in the Rodriguez Lawsuit. *Id.* ¶¶ 17–20.

RMP filed a timely motion for partial summary judgment, is ripe for review.

---

[2] RMP and its co-defendants filed an appeal in the Texas Eighth Court of Appeals on June 3, 2015. *See generally New Hampshire Insurance Company, et al. v. Luis Alberto Rodriguez*, No. 08-15-00173-CV (Tex. App.—El Paso, June 3, 2015), *available at* http://www.search.txcourts.gov/Case.aspx?cn=08-15-00173-CV&coa=coa08. From the publically available information, it appears the appellate briefing was completed on June 1, 2016. Inexplicably, the Eighth Court of Appeals has yet to act.

2

## Analysis

### I. Legal Standard—Summary Judgment

Summary judgment shall be rendered when the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine dispute as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 323–25 (1986); *Washburn v. Harvey*, 504 F.3d 505, 508 (5th Cir. 2007). A dispute regarding a material fact is "genuine" if the evidence is such that a reasonable jury could return a verdict in favor of the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). When ruling on a motion for summary judgment, the court is required to view all inferences drawn from the factual record in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio*, 475 U.S. 574, 587 (1986); *Washburn*, 504 F.3d at 508. Further, a court "may not make credibility determinations or weigh the evidence" in ruling on a motion for summary judgment. *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150 (2000); *Anderson*, 477 U.S. at 254–55.

Once the moving party has made an initial showing that there is no evidence to support the nonmoving party's case, the party opposing the motion must come forward with competent summary judgment evidence of the existence of a genuine fact issue. *Matsushita*, 475 U.S. at 586. Mere conclusory allegations are not competent summary judgment evidence, and thus are insufficient to defeat a motion for summary judgment. *Turner v. Baylor Richardson Med. Ctr.*, 476 F.3d 337, 343 (5th Cir. 2007). Unsubstantiated assertions, improbable inferences, and unsupported speculation are not competent summary judgment evidence. *Id.* The party opposing summary judgment is required to identify specific evidence in the record and to articulate the precise manner in which that evidence supports his claim. *Adams v. Travelers*

*Indem. Co. of Conn.*, 465 F.3d 156, 164 (5th Cir. 2006). Rule 56 does not impose a duty on the court to "sift through the record in search of evidence" to support the nonmovant's opposition to the motion for summary judgment. *Id.*

"Only disputes over facts that might affect the outcome of the suit under the governing laws will properly preclude the entry of summary judgment." *Anderson*, 477 U.S. at 248. Disputed fact issues that are "irrelevant and unnecessary" will not be considered by a court in ruling on a summary judgment motion. *Id.* If the nonmoving party fails to make a showing sufficient to establish the existence of an element essential to its case and on which it will bear the burden of proof at trial, summary judgment must be granted. *Celotex*, 477 U.S. at 322–23.

## II. Application

### A. Preliminary Issues

As an initial matter, Liberty filed a motion for leave to file a cross-motion motion for summary judgment on February 12, 2018. *See* Mot. Leave [#21]. The Court previously extended the scheduling order deadlines, setting the deadline for dispositive motions as January 29, 2018. *See* Order of Oct. 12, 2017 [#10]. Thus, Liberty's request to file a cross-motion for summary judgment arrived over two weeks after Liberty's motion should have been filed. Rather than proactively filing a motion for extension, Liberty waited until the deadline was past. In lieu of an apology, Liberty listed a series of "scheduling conflicts that have delayed submission of [Liberty]'s cross-motion for summary judgment" as explanation for its lateness. Mot. Leave [#21] at 2. But Liberty provided no reason why any of these scheduling conflicts—which feature hearings, oral arguments, and a mediation—were unanticipated and prevented Liberty from filing a motion for an extension. *See id.* Instead, after benefiting from a full analysis of RMP's

4

motion for summary judgment, Liberty simultaneously filed both a response and a full summary judgment motion.

Moreover, Liberty's cross-motion for summary judgment violated this Court's rules in two ways. First, when filing a motion for leave in this Court, parties are directed to attach the document requiring leave of the Court to the motion requesting leave. *See Administrative Policies and Procedures for Electronic Filing in Civil and Criminal Cases*, Western District of Texas, § 4(c) (revised Dec. 1, 2016).[3] While Liberty did so here, Liberty also directly filed its summary judgment motion, perhaps presuming the Court would grant its request for leave. *See* Liberty's Mot. Summ. J. [#19].[4] Second, Liberty's electronically filed cross-motion for summary judgment, as well as its response to RMP's motion for summary judgment, included exhibits exceeding 400 pages. Under this Court's rules, filings exceeding 200 pages shall be filed traditionally with the Court. *See Administrative Policies and Procedures for Electronic Filing in Civil and Criminal Cases*, Western District of Texas, § 13(a) (revised Dec. 1, 2016).

Liberty's tardy cross-motion for summary judgment and disregard for the rules of this Court merit denial of Liberty's motion for leave and dismissal of its inappropriately filed pleading.

---

[3] Local Rule CV–5(a)(1) states, "The court will accept documents by electronic means that comply with the Administrative Policies and Procedures for Electronic Filing in Civil and Criminal Cases ("Electronic Filing Procedures")." W.D. Tx. Loc. R. CV–5(a)(1) (effective Apr. 26, 2012). These administrative policies and procedures are available at https://www.txwd.uscourts.gov/cmecf/.
[4] In fact, Liberty filed its cross-motion for summary judgment before requesting leave from this Court as Liberty's cross-motion for summary judgment is docketed before the motion for leave. *See* Liberty's Mot. Summ. J. [#19]; Mot. Leave [#21].

## B. Duty to Defend

The Court now turns to the merits of RMP's motion for partial summary judgment. At this juncture, RMP only asks the Court to determine whether Liberty owed a duty to defend RMP in the Rodriguez Lawsuit.

Whether an insurer has a duty to defend its insured in an underlying lawsuit is a question of law. *Liberty Mut. Ins. Co. v. Graham*, 473 F.3d 596, 599 (5th Cir. 2006). And the parties agree Texas law governs this suit. *See* RMP Mot. [#11] at 10 (applying Texas rules of insurance contract interpretation); Liberty Resp. [#20] at 3 (also applying Texas law).

Under Texas law, the "eight-corners rule" mandates "an insurer's duty to defend is determined by the underlying plaintiff's pleadings, considered in light of the policy provisions, without regard to the falsity of those allegations." *Liberty Mut. Ins. Co.*, 473 F.3d at 599 (citing *GuideOne Ins. Co. v. Fielder Rd. Baptist Church*, 197 S.W.3d 305, 308 (Tex. 2006)). As a result, "only two documents are ordinarily relevant to the determination of the duty to defend: the policy and the pleadings of the underlying claimant." *Id.* at 590–600. If the four corners of a petition allege facts stating a cause of action which potentially falls within the four corners of the policy's scope of coverage, the insurer has a duty to defend. *Id.* at 600. If all the facts alleged in the underlying petition fall outside of the scope of coverage, then there is no duty to defend. *Id.*

An insured bears the burden of showing a claim against it potentially falls within the scope of a policy's coverage. *Trinity Universal Ins. Co. v. Emp'rs Mut. Cas. Co.*, 592 F.3d 687, 691–92 (5th Cir. 2010). But courts "resolve all doubts regarding the duty to defend in favor of the duty." *Id.* (citing *Northfield Ins. Co. v. Loving Home Care, Inc.*, 363 F.3d 523, 528 (5th Cir.2004)). Furthermore, courts construe the pleadings from the underlying lawsuit liberally. *Trinity Universal Ins. Co.*, 592 F.3d at 691. "Where the complaint does not state facts sufficient

to clearly bring the case within or without the coverage, the general rule is that the insurer is obligated to defend if there is, potentially, a case under the complaint within the coverage of the policy." *Id.* (citation omitted). Put another way, the duty to defend is triggered when the facts alleged in the underlying lawsuit potentially state a cause of action falling within the terms of the policy. *Northfield Ins. Co.*, 363 F.3d at 528. In assessing whether the facts alleged potentially state a cause of action covered by the policy, courts must focus only on the factual allegations within the pleadings and "may not read facts into the pleadings, look outside the pleadings, or speculate as to factual scenarios that might trigger coverage or create an ambiguity. *Gilbane Bldg. Co. v. Admiral Ins. Co.*, 664 F.3d 589, 596–97 (5th Cir. 2011) (citing *Nat'l Fire Ins. Co. v. Merchants Fast Motor Lines, Inc.*, 939 S.W.2d 139, 142 (Tex. 1997)).

Here, it is undisputed the Policy is a workers' compensation and employer's liability policy covering claims by RMP's employees for bodily injuries occurring to RMP employees in the course and scope of their employment. *See* the Policy at LM 2796. The only issue before this Court is whether Mr. Rodriguez's state court petition alleged facts potentially bringing his cause of action against RMP within the Policy's scope of coverage. Liberty denied coverage because it believed Mr. Rodriguez's allegations did not indicate RMP was Mr. Rodriguez's employer. Liberty has not argued any exclusion applies. Thus, whether Liberty had a duty to defend RMP hinges on whether the state court petition asserted facts to potentially conclude Mr. Rodriguez was an employee of RMP. If so, Liberty Mutual had a duty to defend RMP in the Rodriguez Lawsuit. If not, then no duty to defend existed.

In determining whether an insurer's duty to defend is trigger by a lawsuit's factual allegations, the Court "examin[es] the latest, and only the latest, amended pleadings." *St. Paul Fire & Marine Ins. Co. v. Giganews, Inc.*, 193 F. Supp. 3d 745, 747 n.1 (W.D. Tex. 2016)

(quoting *Rhodes v. Chicago. Ins. Co.*, 719 F.2d 116, 119 (5th Cir.1983)). In his Third Amended Petition—his latest amended pleading—Mr. Rodriguez alleged "RMP provided personnel and safety training and agreed to provide safety equipment to personnel it provided" on the construction site. Third Am. Pet. ¶ 7. Mr. Rodriguez also alleged "RMP controlled the scope of the work to be performed by workers its assigned to the site, including [Mr. Rodriguez]; undertook responsibility for and controlled the training received by workers it assigned to the site, including [Mr. Rodriguez]; and undertook responsibility for and controlled the safety equipment provided to workers it assigned to the site, including [Mr. Rodriguez]." *Id.* ¶ 8. Moreover, Mr. Rodriguez expressly alleged he "was in the course and scope of his employment" at the construction site when the accident occurred. *Id.* ¶ 11.

The facts alleged in Mr. Rodriguez's petition potentially state a cause of action covered by the Policy. First, Mr. Rodriguez alleged RMP "provided personnel" to the construction site. From such a statement, it is possible to conclude Mr. Rodriguez was an employee of RMP. Other factual allegations strengthen that conclusion. Specifically, Mr. Rodriguez alleged he was one of the workers RMP assigned to the construction site, trained, and provided with safety equipment. Furthermore, Mr. Rodriguez indicated RMP controlled the scope of his work. As a worker's status as employee depends on whether the employer has the right to control the person's work, the allegation RMP controlled Mr. Rodriguez's work supports concluding Mr. Rodriguez was RMP's employee. *Limestone Prod. Distribution, Inc. v. McNamara*, 71 S.W.3d 308, 312 (Tex. 2002) ("The test to determine whether a worker is an employee rather than an independent contractor is whether the employer has the right to control the progress, details, and methods of operations of the work."). Coupled with Mr. Rodriguez's allegation he "was in the course and scope of his employment" when the accident occurred, it is reasonable to conclude Mr.

Rodriguez asserted claims as an RMP employees for bodily injuries occurring in the course and scope of his employment. Viewing the pleadings liberally and resolving all doubts regarding in favor of the duty to defend, the Court finds Mr. Rodriguez's petition alleged he was an employee of RMP. Thus, Mr. Rodriguez potentially brought a claim covered by the Policy.

Because Mr. Rodriguez's Third Amended Petition alleged facts sufficient to conclude Mr. Rodriguez potentially brought a cause of action within the coverage of the Policy, the Court concludes Liberty had a duty to defend RMP in the Rodriguez Lawsuit. As Liberty only argued RMP's claims for declaratory relief, breach of contract, and prompt payment under Chapter 542 of the Texas Insurance Code failed because Liberty had no duty to defend RMP, *see* Resp. [#20] at 7, the Court resolves all RMP's claims surrounding the duty to defend. Specifically, the Court finds Liberty breached the Policy and is liable under Chapter 542 of the Texas Insurance Code for refusing to defend RMP in the Rodriguez Lawsuit.

Consequently, Liberty is liable for RMP's attorneys' fees and other defense costs incurred in the Rodriguez Lawsuit, including costs incurred in appealing the judgment. *See Associated Auto. Inc. v. Acceptance Indem. Ins. Co.*, 705 F. Supp. 2d 714, 725 (S.D. Tex. 2010) ("Texas courts would likely interpret Texas law to be that, in the absence of an express insurance policy provision to the contrary, an insurer's duty to defend includes a duty to appeal an adverse judgment against its insured if there are reasonable grounds for the appeal." (citing *Gibbons–Markey v. Texas Med. Liab. Tr.*, 163 F. App'x. 342, 346 (5th Cir. 2006)).

## Conclusion

Accordingly,

IT IS ORDERED that Defendant Liberty Mutual Fire Insurance Company's Motion for Leave to File Cross-Motion for Summary Judgment [#21] is DENIED;

IT IS FURTHER ORDERED that Defendant Liberty Mutual Fire Insurance Company's Motion for Summary Judgment [#19] is DISMISSED;

IT IS FURTHER ORDERED that Plaintiff R.M. Personnel, Inc.'s Motion for Partial Summary Judgment [#11] is GRANTED;

IT IS FINALLY ORDERD that the hearing in this case set for Friday, March 2, 2018 at 11:00 AM is HEREBY CANCELED.

SIGNED this the 16th day of February 2018.

SAM SPARKS
UNITED STATES DISTRICT JUDGE