FILED

2019 JUN 21  AM 11: 35

CLERK US DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY_____
                    DEPUTY

## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
## AUSTIN DIVISION

**R.M. PERSONNEL, INC.,**
         **Plaintiff,**

**-vs-**

**LIBERTY MUTUAL FIRE**
**INSURANCE COMPANY,**
         **Defendant.**

**CAUSE NO.:**
**A-16-CA-01030-SS**

## O R D E R

BE IT REMEMBERED on this day the Court reviewed the file in the above-styled cause, and specifically Plaintiff R.M. Personnel, Inc. (RMP)'s Motion for Leave to File First Amended Complaint [#44] and Motion for Leave to Amend Scheduling Order [#45], Defendant Liberty Mutual Fire Insurance Company (Liberty)'s Response [#46] in opposition and RMP's Reply [#47] thereto. Having considered the case file and the applicable law, the Court enters the following opinion and orders.

### Background

This case concerns a dispute over insurance coverage in the aftermath of an accident at a commercial construction site in El Paso, Texas. RMP provides temporary workers to a number of business clients, including construction companies. At the time of the accident at the heart of this case, RMP was insured under a workers' compensation and employer's liability policy issued by Liberty. *See* Pl.'s Mot. Summ. J. Ex. 3 [#16-1] (Policy). Under the Policy, Liberty is required to provide defense and indemnity coverage for "bodily injury by accident" if "[t]he bodily injury . . . arise[s] out of and in the course of the injured employee's employment by [RMP]." *Id.* at LM 2796.



During the period covered by the Policy, RMP assigned employees to a company called Perspectiva, a general contractor and project architect in charge of a construction project in El Paso. Def.'s Status Report [#38-1] Ex. A (El Paso Opinion) at 2. On September 17, 2007, Luis Alberto Rodriguez, one of RMP's assigned workers, fell fifty feet down an elevator shaft and sustained catastrophic injuries. *Id.* at 3–4.

Shortly after Rodriguez's accident, a dispute arose between Liberty and New Hampshire Insurance Company—Perspectiva's workers' compensation insurance carrier—over which company should be responsible for paying benefits to Rodriguez. *Id.* at 4–5. To resolve this dispute, an administrative hearing was held in July 2009 before the Workers' Compensation Division of the Texas Department of Insurance (the Division). *Id.* at 5. The Division was asked to determine which entity was Rodriguez's employer at the time of the injury. *Id.* "The Division found that because Perspectiva controlled the details of Rodriguez's work while he was at the job site, Perspectiva and not [RMP] was Rodriguez's employer under the [Texas Workers' Compensation] Act." *Id.* The Division's decision was not appealed. *Id.*

In September 2009, Rodriguez sued Perspectiva and a subcontractor, contending that both caused his injuries. *Id.* The trial court then granted the subcontractor's request to hold RMP as a responsible third party, and on November 2, 2010, Rodriguez amended his petition to include RMP as a defendant in the state court suit. *Id.* at 5. After being served with Rodriguez's amended petition, RMP requested Liberty provide its defense as required by the Policy. Compl. [#1] ¶ 6; Answer [#2] ¶ 6. Liberty denied this request, claiming it had no duty to defend because Rodriguez's petition failed to allege an employment relationship between RMP and Rodriguez. *See* Compl. [#1] ¶ 11; Answer [#2] ¶ 11.

Shortly after Liberty denied RMP's request to defend, RMP moved for summary judgment in the state court suit, arguing it was immune from suit under the Texas Workers' Compensation Act's exclusive remedy provision. El Paso Opinion at 6. That provision states the "[r]ecovery of worker's compensation benefits is the exclusive remedy of an employee covered by workers' compensation insurance coverage." TEX. LABOR CODE § 408.001(a). RMP contended that it was eligible for this exclusive remedy immunity because, under the Texas Supreme Court's opinion in *Wingfoot Enterprises v. Alvarado*, 111.S.W.3d 134 (Tex. 2003), a temporary staffing agency may be an employer under the Texas Workers' Compensation Act. In response, Rodriguez, New Hampshire Insurance, and the subcontractor argued that RMP was collaterally estopped by the Division's order from asserting exclusive remedy immunity or, in the alternative, that RMP was not Rodriguez's employer under the Act. *See* El Paso Opinion at 6. The trial court denied the motion for summary judgment for reasons that are not stated in the record. *Id.*

The state court trial began in March 2015. Compl. [#1] ¶ 9. At the close of evidence, RMP moved for directed verdict, reurging its argument that it was entitled to exclusive remedy immunity as Rodriguez's employer under *Wingfoot*. *See* Brief of Appellant R.M. Personnel, Ltd. at 6–7, New Hampshire Insurance Company v. Rodriguez, 569 S.W.3d 275 (Tex. App.—El Paso 2019, pet. filed) (No. 08-15-00173-CV). Rodriguez again responded that RMP was not Rodriguez's employer at the time of the accident and that the Division's order precluded RMP from asserting exclusive remedy immunity. *See id.* at 14–15. The trial court again denied RMP's motion for reasons that are not stated. *See id.* at 7. The jury found Rodriguez sustained $20.5 million in damages and attributed 17% of the responsibility for the accident to RMP. El Paso

Opinion at 6. Accordingly, the trial court rendered judgement assessing $3,743,778.08 in damages against RMP. *Id.* at 7. RMP and codefendants then appealed.

While the state court appeal was pending, RMP filed a lawsuit in this Court seeking a declaratory judgment regarding Liberty's duty to defend and indemnify RMP in the state court suit. *See* Compl. [#1] ¶¶ 14–16. RMP also claimed Liberty's refusal to defend it in the state court suit was both a breach of the Policy and a violation of the Prompt Payment Act, TEX. INS. CODE § 542.051 *et seq. Id.* ¶¶ 17–20. RMP then moved for partial summary judgment on the duty-to-defend, breach, and Prompt Payment Act claims. Mot. Partial Summ J. [#11]. The Court granted the motion, reasoning that Liberty owed RMP a duty to defend because Rodriguez's state court petition alleged that he was RMP's employee at the time of the accident. *See* Order of Feb. 16, 2018 [#23] at 9. The Court also found that Liberty breached the Policy and was liable under the Prompt Payment Act because Liberty's only argument against those claims was that it had owed no duty to defend. *Id.* Accordingly, the only issue remaining following the Court's order was RMP's duty-to-indemnify claim, which could not be resolved until the Court of Appeals issued its opinion in the state court suit.

That opinion was ultimately issued on January 11, 2019. In it, the Court of Appeals held that RMP was not entitled to exclusive remedy immunity because it was not Rodriguez's employer at the time of the accident. The Court of Appeals concluded RMP was "collaterally estopped from asserting exclusive remedy immunity by virtue of the Division's unappealed order[]," which found that RMP was not Rodriguez's employer. El Paso Opinion at 21. RMP had argued the Division's order was not entitled to preclusive effect because RMP was not a party to the administrative hearing and further argued the trial court's judgment against it was clearly erroneous because it ignored *Wingfoot* in determining RMP was not Rodriguez's employer. *See*

*id.* at 22, 25. The Court of Appeals rejected RMP's first argument, reasoning that collateral estoppel should apply to the Division's order because Liberty had been a party before the Division and Liberty's interests were "sufficiently aligned" with RMP's. *Id.* at 24. Having found that collateral estoppel precluded relitigating the employer issue, the Court of Appeals did not determine whether the trial court's judgment was clearly erroneous for failing to consider *Wingfoot. See id.* at 25. Following the judgment, RMP entered into a settlement with Rodriguez and filed an unopposed motion to dismiss its petition for review with the Texas Supreme Court. *See* Reply [#47] at 4; *see also* Motion to Dismiss of Petitioner at 2, New Hampshire Insurance Company v. Rodriguez, No. 19-0097 (Tex. Jan. 25, 2019). The petition for review from the Texas Supreme Court remains pending for the other state court defendants.

### Analysis

In light of the El Paso Opinion, RMP now moves for leave to file a first amended complaint that differs from the original complaint in two ways. First, RMP seeks to add facts that would show collateral estoppel does not bar this Court from considering whether RMP was Rodriguez's employer.[1] *See* Mot. Amend [#44-1] at 23–25. Second, RMP seeks to add a claim that Liberty breached the Policy by failing to indemnify RMP as well as claims for fraud and unjust enrichment based on Liberty's allegedly intentional failure to fairly represent RMP's interests in the Division hearing. *See id.* at 28–29. RMP also seeks to amend the scheduling order because the key dates in the prior scheduling order have passed due to the exceptional length of the pendency of the state court appeals. Mot. Extend [#45].

---

[1] Because Liberty owes RMP a duty to indemnify only if RMP was Rodriguez's employer at the time of the accident, if RMP is precluded from litigating the employer question it would be unable to prove its duty-to-indemnify claim.

## I.  Motion to Modify the Scheduling Order

"Rule 16(b) governs amendment of pleadings after a scheduling order deadline has expired." *S&W Enters., LLC v. Southtrust Bank of Ala., N.A.*, 315 F.3d 533, 536 (5th Cir. 2003). Thus, where the scheduling order precludes the filing of amended pleadings, the movant must first demonstrate good cause for modification of the order. FED. R. CIV. P. 16(b)(4). Only then may the court consider whether leave to amend should be granted or withheld under the more liberal pleading standard of Rule 15(a)(2).

The Fifth Circuit considers four factors in determining whether good cause exists to modify a scheduling order: (1) the explanation for the failure to timely move for leave to amend; (2) the importance of the amendment; (3) the potential prejudice to the nonmoving party; and (4) the availability of a continuance to cure prejudice. *S&W Enters.*, 315 F.3d at 256. Consideration of these factors demonstrates good cause exists here.

First, RMP has provided an adequate explanation of its delay in moving to amend. RMP's delay in amending its complaint was the result of the nearly four-year-long pendency of the state court appeal, a delay RMP could not avoid since resolution of the state court appeal directly impacts RMP's causes of action in this case. Moreover, RMP moved to amend its complaint less than two weeks after a status conference held by the Court to determine what issues remained in the case. These facts lead the Court to conclude RMP did not unduly delay in moving for leave to amend.

Second, RMP's proposed amendment is important. Not only does it include facts that will aid the Court in its consideration of the collateral estoppel question, it also includes new claims RMP learned as a result of its investigation into Liberty's conduct before the Division. Refusing to allow RMP leave to amend its complaint would leave the Court with only minimal input from

the parties on the issue of collateral estoppel and would prevent RMP from raising previously undiscovered claims for fraud and unjust enrichment. The Court therefore concludes the second element also favors granting RMP leave to amend.

Third, the proposed amendments are not so prejudicial as to justify denying RMP's leave to amend. To start, the bulk of Plaintiff's amendments involves facts and argument in anticipation of collateral estoppel, which is an affirmative defense that was raised by Liberty. Moreover, RMP's new claims rely on the same facts the Court will be required to consider in the collateral estoppel analysis. The Court therefore anticipates the parties will be able to adapt their pleadings and arguments to take into account RMP's amendments with relative ease, and it concludes the third element favors granting RMP leave to amend.

Fourth, the Court retains the ability to issue a continuance if necessary. The Court does not believe a continuance is needed at this time but will entertain future requests from the parties.

In sum, the Court finds good cause exists to modify the scheduling order to allow RMP to move for leave to file its amended complaint.

## II.     Motion for Leave to File Amended Complaint

Having found good cause exists to modify the scheduling order, the Court considers Plaintiff's motion for leave to amend under Rule 15(a)(2), which states courts should "freely give leave when justice so requires." FED. R. CIV. P. 15(a)(2). Rule 15's standard "evinces a bias in favor of granting leave to amend," and courts may only deny leave when faced with a substantial reason for doing so, such as undue delay, bad faith, dilatory motive, repeated failures to cure deficiencies, futility, or undue prejudice to the opposing party. *Mayeuax v. La. Health Serv. & Indem. Co.*, 376 F.3d 420, 425 (5th Cir. 2004); *Stripling v. Jordan Prod. Co.*, 234 F.3d 863, 873 (5th Cir. 2000).

Liberty does not explain why RMP should not be granted leave to amend its complaint. Instead, it argues that RMP is collaterally estopped from litigating the employer issue in this case or, in the alternative, that such litigation would be an impermissible collateral attack on the El Paso Opinion. The Court construes these arguments as contending that RMP should not be granted leave to amend because the amendment would be futile. But Liberty's briefing on the collateral estoppel issue is "less than comprehensive," *see* El Paso Opinion at 21 n.6, and its Response does not address RMP's claims for breach of the Policy, fraud, or unjust enrichment. In light of these deficiencies, the Court concludes amendment would not necessarily be futile and therefore GRANTS RMP's Motion for Leave to First Amended Complaint [#44] without prejudice to Liberty reurging its collateral estoppel defense.

### Conclusion

The Court grants RMP's Motion for Leave to File First Amended Complaint [#44] and its Motion for Leave to Amend Scheduling Order [#45] for the reasons stated above.

Accordingly,

IT IS ORDERED that Plaintiff R.M. Personnel, Inc.'s Motion for Leave to File First Amended Complaint [#44] is GRANTED, and

IT IS FURTHER ORDERED that Plaintiff R.M. Personnel, Inc.'s Motion for Leave to Amend Scheduling Order [#45] is GRANTED, and

IT IS FURTHER ORDERED that Plaintiff shall file an amended complaint in this case by **July 3, 2019,** and

IT IS FINALLY ORDERED that the parties shall file an agreed scheduling order by **July 10, 2019** and that if the parties cannot agree the Court will set the scheduling order.

Signed this the 20th day of June 2019.

SAM SPARKS
SENIOR UNITED STATES DISTRICT JUDGE